UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ATIQULLAH WAZIRI,

                Petitioner,

v.

KEVIN RAYCRAFT et al.,

                Respondents.

_____/

Case No. 1:26-cv-1135

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## **Discussion**

### I.    **Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.19.) In an order entered on April 9, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 3.) Respondents filed their response and a recording of the February 6, 2026 bond hearing on April 14, 2026, (Resp., ECF No. 4; Recording of Feb. 6, 2026

Bond Hearing, filed on Apr. 14, 2026), and Petitioner filed his reply on April 15, 2026, (ECF No. 5).

## II.    Factual Background

Petitioner is a citizen of Afghanistan who entered the United States in 2024. (Pet., ECF No. 1, PageID.7.) On December 23, 2025, Petitioner was arrested by ICE in Detroit.

On January 10, 2025, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Waziri v. Raycraft* (*Waziri I*), No. 1:26-cv-98 (W.D. Mich.). In *Waziri I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Waziri I*, (W.D. Mich. Jan. 30, 2026), (ECF Nos. 6, 7).

On February 6, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF No. 1, PageID.3.) At the conclusion of the hearing, the Immigration Judge (IJ) denied Petitioner's request for bond because Petitioner "did not establish he is not a flight risk." (Order of the IJ, ECF No. 1-2, PageID.25.)

## III.    Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction under § 1226(e) and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, No. 1:25-cv-1704, --- F. Supp. 3d ----, 2026 WL 161002, at *2 (W.D. Mich. Jan. 21, 2026).

Respondents also argue that his Court lacks jurisdiction under 8 U.S.C. § 1252(g), and 8 U.S.C. § 1252(b)(9). The Court concludes that § 1252(g) and § 1252(b)(9) do not preclude the

Court's review of Petitioner's § 2241 petition for the reasons set forth in the Court's jurisdiction analysis in each of the following cases: *Avila Maltos v. Noem*, No. 1:25-cv-1299, 2025 WL 3550605, at *2–3 (W.D. Mich. Dec. 11, 2025); *Aguilar-Duran v. Unknown Party*, No. 1:25-cv-1418, 2025 WL 3458572, at *2–3 (W.D. Mich. Dec. 2, 2025); *Flores Garcia v. Noem*, No. 1:25-cv-1387, 2025 WL 3458531, at *2–3 (W.D. Mich. Dec. 2, 2025); *Hernandez Lopez v. Raycraft*, No. 1:25-cv-1412, 2025 WL 3290655, at *2–3 (W.D. Mich. Nov. 26, 2025).

Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### IV.    Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

### V.    Proper Respondents

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action, and they seek the dismissal of all of the other named Respondents. The Court concludes that the ICE Detroit Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025).

To ensure that this Court's orders regarding a hearing or release will bind at least one Respondent with authority to act in the event that Petitioner is transferred out of the Western District of Michigan, the Court will retain the ICE Detroit Field Office Director and the Secretary

3

for the Department of Homeland Security as Respondents. The Court will dismiss the United States Department of Homeland Security, the United States Attorney General, and the Executive Office for Immigration Review as Respondents.

### Conclusion

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial. Further, the Court will dismiss the United States Department of Homeland Security, the United States Attorney General, and the Executive Office for Immigration Review as Respondents.

Dated:  ___May 4, 2026___          ___/s/ Jane M. Beckering___
                                   Jane M. Beckering
                                   United States District Judge

4